IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:97-cr-00157-2

ROHAN ALEXANDER WALTERS,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2014, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1. The guideline reduction was given retroactive effect. Pursuant to the order entered on January 7, 2016, this case was designated for Standard consideration.

The Court has received the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue.[1]

---

[1] In his pro se filing, Defendant makes other meritless arguments, such as that the Court should apply *United States v. Booker*, 543 U.S. 220 (2005), for an even greater reduction, and that the Court should revisit the original guideline calculation, including applying the so-called safety valve for drug offenses. U.S. Sentencing Guidelines Manual § 5C1.2. However, *Booker* does not apply to Section 3582(c)(2) proceedings. *United States v. Dunphy*, 551 F.3d

By its written and filed response, the United States does not object to the reduction ordered herein.

Based on the foregoing considerations, the Motion [ECF 692] is **GRANTED**. It is **ORDERED** that Defendant's previous sentence be reduced to a period of 292 months, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals Service.

        ENTER:       March 4, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

247, 252 (4th Cir. 2009). Nor is the Court authorized to revisit other aspects of the guideline calculation from the original sentencing. *United States v. Stewart*, 595 F.3d 197, 201 (4th Cir. 2010) (holding that because Section 3582(c)(2) proceedings "are not considered a full resentencing by the court," guideline application decisions made at sentencing remain unaffected) (citing U.S. Sentencing Guidelines Manual § 1B1.10(b)(1)); *see United States v. McGill*, 133 F.3d 918, *1 (4th Cir. 1998) (unpublished table decision) (the safety-valve is inapplicable to sentence-modification proceedings). Also, to the extent Defendant argues that applying the current version of § 1B1.10 to his motion would violate ex post facto principles, this Court has recently rejected that very argument. *See United States v. Kay*, Criminal Action No. 6:09-cr-00252, 2016 WL 661591 (S.D. W.Va. Feb. 18, 2016).